**Carroll Norwood BYRD, Appellant,**

v.

**William F. STEINER, Warden, Maryland House of Correction, Appellee.**

**No. 8170.**

United States Court of Appeals
Fourth Circuit.

Argued Nov. 15, 1960.

Decided Nov. 17, 1960.

**342**

Stephen D. Moses (Court-assigned counsel), Baltimore, Md., for appellant.

James H. Norris, Jr., Sp. Asst. Atty. Gen. of Maryland (C. Ferdinand Sybert, Atty. Gen. of Maryland, on the brief), for appellee.

Before SOBELOFF, Chief Judge, and HAYNSWORTH and BOREMAN, Circuit Judges.

PER CURIAM.

This is an appeal from a denial of a petition for writ of habeas corpus filed by a state court prisoner.

Byrd was convicted of having had carnal knowledge of a minor female and of having committed perverted sex acts. Concurrent sentences were imposed, the longest being ten years imposed upon the conviction of having had carnal knowledge of the minor female.

Byrd did not appeal from his conviction, but subsequently filed a petition under Maryland's Post Conviction Procedure Act, Code 1957, art. 27, § 645A et seq., in which he raised a number of points. The Circuit Court of Anne Arundel County appointed counsel for him and a hearing was held, after which the petition was dismissed. Byrd applied to the Court of Appeals of Maryland for permission to appeal from the denial of his petition, in which he raised certain additional points not presented to the Circuit Court of Anne Arundel County, as will appear from the opinion of the Court of Appeals of Maryland, in which the application was denied. Byrd v. Warden, 222 Md. 577, 158 A.2d 120.

On this appeal Byrd contends that at the time of his trial he was confined in jail and was not permitted to be present at the trial. The District Judge was not required to inquire into the facts, for this contention was not among those urged by Byrd in any of the state court proceedings. While he may have exhausted his state court remedies as to certain contentions he does not now urge, he has not exhausted his state court remedies with respect to the question he now tenders. Orderly procedure and the maintenance of proper relations between the courts of Maryland and those of the United States require that the District Court refuse to inquire into factual issues presented for the first time in the District Court and which have never been raised, or attempted to be raised, in the state courts. Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761.

This appeal was filed without a certificate of probable cause from the District Judge. After considering the record and hearing court-appointed counsel, the judges of this Court find no merit in the appeal. The appeal will be dismissed for want of a certificate of probable cause to appeal.

Appeal dismissed.